Cary S. Kletter (SBN 210230)
Chloe Quail (SBN 262797)
KLETTER LAW FIRM
22 Battery Street, Suite 202
San Francisco, CA  94111
Telephone:  415.434.3400
Facsimile:  415.372.3791

Attorneys for DOUGLASS ROBINSON and
DAVID YIN LOONG LAU

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS ROBINSON and DAVID LAU YIN LOONG , <br><br>                 Plaintiffs , <br><br> v. <br><br><br> HSBC BANK USA; and DOES 1 THROUGH 20, <br><br>              Defendants. | CASE NO. <br><br> **FIRST AMENDED COMPLAINT and JURY DEMAND** |

Plaintiffs DOUGLASS ROBINSON and DAVID LAU YIN LOONG allege as follows:

## I.    <u>INTRODUCTION</u>

1.  Plaintiffs DOUGLASS ROBINSON ("ROBINSON") and DAVID YIN LOONG LAU ("LOONG") (collectively, "PLAINTIFFS") bring this action against HSBC BANK USA ("HSBC") and DOES 1 THROUGH 20 (Collectively "DEFENDANTS") to challenge DEFENDANTS unlawful and unauthorized use of the image of PLAINTIFFS' property in their wide-reaching advertising campaign.

2.  HSBC's complete disregard for PLAINTIFFS' rights has violated their right to privacy, put them in a false light and caused them stress, suffering, and mental anguish.

3.   Further, the publication is libelous, disparages ROBINSON's title, and constitutes an unfair business practice under California law.

4.   PLAINTIFFS seek injunctive and declaratory relief, compensation for all suffering and emotional distress and liquidated and/or other damages as permitted by applicable law.

## II.    PARTIES

5.   ROBINSON is the owner of the property located at 146 Central Avenue (the "Subject Property") in the City and County of San Francisco, State of California.

6.   PLAINTIFFS live in the Subject Property and have been doing so for more than ten years.

7.   HSBC is an English Public Limited Company with its headquarters located in London, England and a corporation organized under the laws of the State of Virginia. HSBC's principal place of business is in the State of New York.

8.   DEFENDANTS at all times relevant hereto have been authorized to and do conduct business in the State of California.  Furthermore, DEFENDANTS maintain offices and conduct business in, and unlawfully sent advertisements containing the image of the exterior and interior of PLAINTIFFS' house in the City and County of San Francisco, California.

9.   The true names and capacities, whether individual, corporate, associate or otherwise and the true involvement of defendants sued herein as DOES 1 through 20, inclusive, are unknown to PLAINTIFFS who therefore sue said defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained.  PLAINTIFFS are informed and believe and thereon allege that each of the defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to, and that PLAINTIFFS' injuries and damages as hereinafter set forth were proximately caused by said DEFENDANTS.

10.  PLAINTIFFS are informed and believe and thereon allege that at all times herein mentioned, each of the DEFENDANTS sued herein was the agent and/or employee of each of the remaining DEFENDANTS, and each of them was at all times acting within the purpose and scope of such agency and employment.

### III.   JURISDICTION AND VENUE

11.   This Court has jurisdiction based on diversity over the claims for relief alleged herein in that PLAINTIFFS were at the time of commencing this action, and remain, citizens of the State of California, while HSBC is not a citizen of California (for the purposes of determining diversity jurisdiction), in that HSBC is incorporated in the State of Virginia and has its principal place of business in the State of New York.  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…").

12. The damages suffered by PLAINTIFFS exceed $75,000.00.

13. Venue is proper in that the events and harm complained of occurred within this judicial district.

### IV.   FACTUAL ALLEGATIONS

14.  In addition to ROBINSON being the owner, PLAINTIFFS have lived at the Subject Property, a picturesque "Victorian-style" home in the Haight neighborhood, for over a decade.

15. The Subject Property home has a distinctive bright yellow and green exterior, with two sets of ornate green molding above two levels of bay windows, yellow and green ionic columns dividing each window pane of the bay windows and a series of yellow doric columns creating the molding in between the two main levels of the subject property.

16. The mortgage on the Subject Property was paid off long ago, and ROBINSON is proud to own the house outright, free and clear of any mortgages or liens.

17.  PLAINTIFFS are not now and never have been customers of HSBC.

18.  PLAINTIFFS are informed and believe that HSBC is in the banking business, and, among other activities, solicit customers in order to sell them loan products and services, including home mortgages.

19.  On or about October 21, 2009, HSBC circulated a full-page, double-sided, heavy stock, color, print advertisement, inserted into the San Francisco Chronicle, which prominently featured a photograph of the street-facing side Subject Property on both sides of the advertisement.

20. Tagged onto the photograph of the Subject Property are the words "A Mortgage To Match Your Ambitions. Wherever The World Takes You." The advertisement identifies the location as San Francisco and identifies the precise longitudinal plane on which the Subject Property is situated. On the back of the flyer advertises HSBC's "Premier Mortgage," giving the details of the offer and HSBC's contact information. At the uppermost area of the back of the flyer, the Ad displays another image of the Subject Property, displaying the same image as the other side, cropped to display only the top half of the Subject Property. A true and correct copy of the HSBC advertisement (the "Ad") is attached hereto as Exhibit "A."

21. PLAINTIFFS are informed and believe that the San Francisco Chronicle has a daily circulation of over 370,000 individuals.

22. At no time prior to the publication of the Ad did HSBC, or any agent thereof, contact or attempt to contact PLAINTIFFS to inform them of its intent to use the Subject Property as the focal point of its massive mailing campaign.

23. At no time did HSBC obtain or attempt to obtain PLAINTIFFS' consent for the use of the Subject Property as the focal point of its mortgage campaign.

24. After the Ad was disseminated, PLAINTIFFS began to get inquiries from, *inter alia*, neighbors, local business owners, unknown realtors, and tenants of the Subject Property as to their financial condition and their willingness to sell the Subject Property.

25. After the Ad was disseminated, PLAINTIFFS experienced an increase in harassing phone calls asking if they were looking to sell their home.

26. HSBC's conduct is highly offensive as it falsely implies that PLAINTIFFS obtained a mortgage from HSBC, are customers of HSBC, and endorse/approve of HSBC's products, services, and/or mortgages.

27. HSBC has never been authorized by PLAINTIFFS to use photographs of the exterior or interior of PLAINTIFFS' home in its advertising campaign or for any other purpose.

28. PLAINTIFFS do not endorse or approve of HSBC's products or services.

29. HSBC's conduct is particularly offensive in the current economic climate where thousands of individuals nationwide are losing value in their homes, in part due to precisely the type of loan advertised in the HSBC flyer (Adjustable Rate Mortgage loans), when in fact ROBINSON owns the Subject Property entirely free of encumbrances.

**FIRST CAUSE OF ACTION**
Right of Publicity – Statutory Appropriation Under Cal. Civ. Code § 3344, or Alternatively,
Common Law Claim of Appropriation
(By All Plaintiffs Against all Defendants)

30.   PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

31. The Subject Property is very distinctive in design and color and is located in an area of high tourist traffic, the upper Haight neighborhood of San Francisco.

32. In addition to the pride that ROBINSON feels because he owns the Subject Property free and clear of encumbrances, PLAINTIFFS also take pride in the individuality and notoriety and local "fame" of the Subject Property.

33. This notoriety and publicity belongs to PLAINTIFFS and is part of their identity.

34. To file a claim under California's common law right of publicity, a plaintiff must show 1) the defendant's use of the plaintiff's identity; 2) the appropriation of plaintiff's name or likeness to defendant's advantage; 3) lack of consent and 4) resulting injury.

35. Any person who knowingly uses another's name or likeness for purposes of advertising without such person's prior consent is liable for any damages suffered by the injured party, pursuant to Cal. Civ. Code § 3344.

36. Without PLAINTIFFS' HSBC's unlawful publication of the Ad used an image of the Subject Property, PLAINTIFFS' distinctive home, for the purpose of advertising HSBC's mortgage business, which resulted in significant injury to PLAINTIFFS.

37. HSBC's unlawful publication of the Ad clearly displays a photograph of a house which is clearly identifiable  - because of its distinctive appearance - as the Subject Property.

38. HSBC disseminated the Ad in the San Francisco Chronicle and potentially other publications, upon information and belief, to over 300,000 people.

39. At no time prior to the publication of the Ad did HSBC, or any agent thereof, contact or attempt to contact PLAINTIFFS to inform them of its intent to use the Subject Property as the focal point of its massive mailing campaign.

40. At no time did HSBC obtain or attempt to obtain PLAINTIFFS' consent for the use of photographs of the Subject Property as the focal point of its mortgage campaign.

41. HSBC has never been authorized by PLAINTIFFS to use the exterior or interior of PLAINTIFFS' home in its advertising campaign or any for any other purpose.

42. PLAINTIFFS have never done business with HSBC.

43. ROBINSON did not obtain or refinance the Subject Property using an HSBC loan, and does not currently have a mortgage on the Subject Property.

44. Because of the Ad, PLAINTIFFS received numerous harassing inquiries and phone calls regarding their financial condition and willingness to sell the Subject Property.

45. Based upon information and belief, HSBC derived significant economic and business profit from its advertising campaign, which prominently displayed the Subject Property.

46. As a direct and proximate result of the Ad, PLAINTIFFS have been injured and will continue to be injured, in an amount to be determined at trial.

47. As a direct result of the fraudulent, willful and malicious conduct of DEFENDANTS, PLAINTIFFS are entitled to exemplary and punitive damages in an amount to be determined by the Court.

48. PLAINTIFFS have suffered emotional distress, including but not limited to anxiety, humiliation, worry, and anguish, all in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION
Trade Libel in Violation of California Civil Code § 45
(By All Plaintiffs Against all Defendants)

49.  PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

50.  Where a person publishes an unprivileged picture that exposes another to contempt, ridicule, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation, that person will be liable for libel.

51.  Where a person publishes a matter that disparages the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner, that person will be liable for trade libel.

52.  HSBC's unlawful publication of the Ad is libelous.

53.  HSBC has never been authorized by PLAINTIFFS to use the exterior or interior of PLAINTIFFS' home in its advertising campaign or for any other purpose.

54.  PLAINTIFFS own the Subject Property outright, free and clear of any mortgages, liens, or other similar encumbrances.

55. By publishing the Ad, HSBC implied that PLAINTIFFS have or have had a mortgage with HSBC, or that the Subject Property is owned by someone who has financially overextended themselves to purchase a home he cannot afford.

56. PLAINTIFFS have never done business with HSBC and did not obtain or refinance the Subject Property using an HSBC loan.

57. HSBC's Ad has caused PLAINTIFFS to be seen with contempt, ridicule and pity in their community, causing members of the community inquire about and doubt PLAINTIFFS financial solvency, security and condition.

58. HSBC knew or should have known that the information implied in the Ad - that PLAINTIFFS hold or need a mortgage of some variety - was untrue.

59. As a direct and proximate result of the unlawful publication of the Ad, PLAINTIFFS have been injured and will continue to be injured in an amount to be determined at trial.

60. HSBC, in doing the things herein alleged, acted willfully, maliciously, oppressively and with full knowledge of the adverse effects of its actions on PLAINTIFFS and with willful and deliberate disregard of the consequences to PLAINTIFFS such as to constitute oppression, fraud or malice.

61. As a direct result of the fraudulent, willful and malicious conduct of DEFENDANTS, PLAINTIFFS are entitled to exemplary and punitive damages in an amount to be determined by the Court.

62. PLAINTIFFS have suffered emotional distress, including but not limited to anxiety, humiliation, worry, and anguish, all in an amount to be proven at the time of trial.

**THIRD CAUSE OF ACTION**
Unjust Enrichment
(By All Plaintiffs Against All Defendants)

63. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

64. HSBC has obtained from PLAINTIFFS substantial benefit by using an image of the Subject Property in HSBC's Ad, and has not provided any consideration to PLAINTIFFS for such benefit.

65. This receipt of a benefit by HSBC and unjust retention of a benefit at the expense of PLAINTIFFS constitutes the unjust enrichment of HSBC and has caused HSBC to obtain ill-gotten gains in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
False and Misleading Advertising
In Violation of Bus. & Prof. Code §§ 17500 *et seq.*
(By All Plaintiffs Against all Defendants)

66. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

67. Bus. & Prof. § 17500 provides that "[i]t is unlawful for any ... corporation... to induce the public to enter into any obligation ... to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

68. DEFENDANTS employed print advertising to promote their loans and mortgage products, disseminating flyers containing misrepresentations implying that PLAINTIFFS did purchase the Subject Property using an HSBC loan or need a HSBC loan to keep the Subejct Property. Specifically, the Ad implies that PLAINTIFFS have or need a mortgage that "matches their ambitions," which suggests that PLAINTIFFS purchased a property that was beyond their financial means and that the Subject Property is highly leveraged. Additionally, the Ad implies to the public that with HSBC's adjustable rate mortgages, an individual could easily afford a house such as the Subject Property.

69. The Ad contains statements which are false, misleading or which omitted material information which DEFENDANTS were under a duty to disclose and which was known or should have been known to DEFENDANTS to be false, misleading, or deceptive.

70. The misleading advertising described herein presents a continuing threat to PLAINTIFFS and members of the public, in that DEFENDANTS persist and continue to engage in these practices and will not cease doing so unless and until forced to do so.

71. As a direct and proximate result of DEFENDANTS' misleading Ad, PLAINTIFFS have suffered injury in fact, in an amount to be proven at trial.

72. Further, PLAINTIFFS demand a disgorgement of ill gotten profits accrued from such practice, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
Violation of Civil Code §§ 1750 *et seq.*
(By All Plaintiffs Against all Defendants)

73. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

74. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS, and each of them, by the acts and misconduct alleged herein, violated the Consumers Legal Remedies Act, California Civil Code §§ 1750 *et. seq.* (the "CLRA").

75. The CLRA prohibits, among other things, the misrepresentation of the affiliation, connection, or association with, or certification by, another.

76. The CLRA applies to DEFENDANTS' actions and conduct described herein because it extends to transactions which are intended to result, or which have resulted, in the sale of goods to consumers

77. DEFENDANTS have violated, and continue to violate, the CLRA in representing their mortgages are sponsored or held by PLAINITFFS in violation of California Civil Code § 1770(a)(2), California Civil Code § 1770(a)(3), and California Civil Code § 1770(a)(5).

78. At all times herein alleged DEFENDANTS have committed acts of disseminating untrue and misleading statements as defined by California Civil Code § 1770 by engaging in the following acts and practices with intent to induce members of the public to employ HSBC in obtaining mortgages:

> (a) Usurping the image of PLAINTIFFS house and featuring it in the Ad to misrepresent that the Subject Property is financed, or otherwise has affiliation, connection, or association with HSBC.

> (b) Using the image of PLAINTIFFS' house without permission to imply that the Subject Property was beyond PLAINTIFFS' financial means when purchased and that, with HSBC's mortgage, individuals could obtain a mortgage to afford a house such as the Subject Property.

79. The foregoing practices constitute false and misleading advertising and representations within the meaning of California Civil Code § 1770.

80. Pursuant to California Civil Code § 1750, *et seq.*, PLAINTIFFS seek an order of this court for injunctive relief calling for DEFENDANTS, and each of them, to cease such deceptive business practices in the future.

### SIXTH CAUSE OF ACTION
Unlawful, Unfair and Fraudulent Business Practices
In Violation of B&P Code §§ 17200 *et seq.*
(By All Plaintiffs Against all Defendants)

81. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations herein.

82. B&P Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

83. By issuing the Ad HSBC has committed acts of unfair competition as defined by the Unfair Business Practices Act by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint.

84. The violations of these laws and regulations, as well as of fundamental California public policies protecting the right of privacy, serve as unlawful predicate acts and practices for purposes of B&P Code §§17200 *et seq.*

85. The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding financial institutions and banks.

86. As a direct and proximate result of the acts and practices described herein, PLAINTIFFS have suffered damages in an amount to be proven at trial.

87. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

88. Pursuant to § 17203 and/or any other applicable law, PLAINTIFFS seek an order preventing DEFENDANTS from engaging in unlawful, unfair and fraudulent conduct, and preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts. B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

89.  B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

## PRAYER FOR RELIEF

PLAINTIFFS pray for relief as follows:

1.  For a declaratory judgment that DEFENDANTS have violated their right of publicity rights, as alleged herein;

2.  For a declaratory judgment that DEFENDANTS have been unjustly enriched, as alleged herein;

3.  For a declaratory judgment that DEFENDANTS have violated Cal. Civ. Code §§ 1750 *et. seq.*, as alleged herein;

4.  For a declaratory judgment that DEFENDANTS have violated Bus. & Prof. Code §§ 17200, 17500 *et. seq.*, as a result of the aforementioned violations of the California Civil Code and of California's public policy protecting individual privacy;

5.  For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from using the Ad and committing future violations of the laws and public policies described herein;

6.  For an award of restitution;

7.  For disgorgement of all wrongfully obtained profits and compensation;

8.  For an order awarding PLAINTIFFS compensatory damages in an amount to be determined at trial;

9.  For punitive damages pursuant to California Civil Code §3294 in an amount sufficient to punish each Defendant and make an example of each such Defendant thereby;

10. For award of emotional distress damages to PLAINTIFFS, including stress and anxiety, to include reimbursement for all medical and mental health costs incurred by PLAINTIFFS, as well as reparations by DEFENDANTS for directly causing irreparable harm to the mental wellbeing of PLAINTIFFS;

11. For all costs of suit; and

12. For such other and further relief as this Court deems just and proper.

Dated: May 17, 2010                         KLETTER LAW FIRM

                                            By: _____
                                            Cary Kletter
                                            Attorney for Plaintiff
                                            DOUGLASS ROBINSON and
                                            DAVID LAU YIN LOONG

1

**JURY TRIAL DEMANDED**

2      PLAINTIFFS request a trial by jury on each cause of action for which a trial by jury is
3  proper.

4  Dated: May 17, 2010                    KLETTER LAW FIRM

5

6

7                                    By: _____
                                         Cary Kletter
8                                        Attorney for Plaintiff
                                         DOUGLASS ROBINSON and
9                                        DAVID LAU YIN LOONG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIDAVIT OF DOUGLASS ROBINSON

Douglass Robinson, submits this affidavit pursuant to § 1780(d) of the Consumers Legal Remedies Act and declares the following:

1.  I am a resident of the City and County of San Francisco, California, and am one of the named plaintiffs in the Complaint filed herewith.
2.  I am the owner of the property located at 146 Central Avenue in the City and County of San Francisco, State of California, which is the subject of this complaint
3.  The advertisement at issue in this complaint was distributed throughout the City and County of San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of May 2010, at San Francisco, California.

_Douglass Robinson_
Douglass Robinson

FROM :          FAX NO. : 4158613097          May. 17 2010 03:30PM P2

## AFFIDAVIT OF DAVID LAU YIN LOONG

David Lau Yin Loong, submits this affidavit pursuant to § 1780(d) of the Consumers Legal Remedies Act and declares the following:

4.  I am a resident of the City and County of San Francisco, California, and am one of the named plaintiffs in the Complaint filed herewith.

5.  I reside in the property located at 146 Central Avenue in the City and County of San Francisco, State of California, which is the subject of this complaint

6.  The advertisement at issue in this complaint was distributed throughout the City and County of San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of May 2010, at San Francisco, California.


David Lau Yin Loong